**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MARK COGER, JR.,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          No. 1:22-CV-158 RLW
                                    )
POPLAR BLUFF POLICE DEPT., et al.,  )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Mark Coger, Jr., a former inmate

at Eastern Reception, Diagnostic Correction Center (ERDCC), for leave to commence this action

without payment of the required filing fee. As plaintiff has been released from confinement,[1]  the

Court will order plaintiff to fill out a new motion to proceed in forma pauperis for non-prisoners.

Further, based on a review of the complaint and plaintiff's supplemental filing thereto,[2]  the Court

will order plaintiff to amend his complaint on a Court-provided form within twenty-one (21) days

of the date of this Memorandum and Order.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief,

---

[1]Plaintiff filed a change of address notice on December 14, 2022. Plaintiff states that he was released from confinement on December 6, 2022. Because plaintiff has filed a motion to proceed in forma pauperis as a prisoner, the Court will deny his motion to proceed in forma pauperis as moot and require him to file a new motion to proceed without prepayment of fees or costs as a civil litigant showing his inability to pay the filing fee.

[2]Plaintiff filed a motion to amend his complaint on December 14, 2022. (ECF No. 6). The Court will grant plaintiff's motion and treat the allegations contained in the motion as a supplement to his complaint.

which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### Plaintiff's Criminal History

A criminal complaint was filed against plaintiff in Pemiscot County, Missouri, on September 18, 2012, charging plaintiff with driving while his license was suspended/revoked. *See State v. Coger,* No. 12PE-CR01094 (34th Jud. Cir., Pemiscot County Court). An information was filed on November 26, 2012. *Id*. On April 16, 2013, plaintiff plead guilty to driving while his license was suspended/revoked. *See State v. Coger*, No. 12PE-CR01094-01 (34th Jud. Cir., Pemiscot County Court). Plaintiff was sentenced to four years of imprisonment in the Missouri Department of Corrections with a Suspended Execution of Sentence (SES). He was placed on four years of supervised probation. *Id*.

Plaintiff's probation was revoked on October 15, 2013, and he was sentenced to 120 days of shock incarceration. *See State v. Coger*, No. 12PE-CR01094-01 (34th Jud. Cir., Pemiscot County

Court). Plaintiff's probation was again revoked on September 20, 2016, and he was incarcerated in the Missouri Department of Corrections for the remainder of his four-year sentence. *Id.*

A criminal complaint was filed against plaintiff in Pemiscot County, Missouri, on July 3, 2013, charging plaintiff with burglary in the second degree, theft/stealing of a firearm, and unlawful possession of a firearm. *See State v. Coger*, No. 13PE-CR00731 (34th Jud. Cir., Pemiscot County Court). An information was filed on September 17, 2013. *Id*. On October 15, 2013, plaintiff pleaded guilty to burglary in the second degree and the other counts of the information were dismissed. Plaintiff was sentenced to 120 days of shock incarceration, with suspended execution of a seven-year sentence of imprisonment. *See State v. Coger,* No. 13PE-CR00731-01 (34th Jud. Cir., Pemiscot County Court). Plaintiff's probation was revoked and his seven-year sentence was imposed on September 20, 2016. *Id.* Plaintiff's two-year term of parole supervision began on November 3, 2021. (Field Violation Report, ECF No. 1-4 at 1).

A criminal complaint was filed against plaintiff in Butler County, Missouri, on August 6, 2020, charging plaintiff with unlawful possession of a firearm. *See State v. Coger*, No. 20BT-CR01509 (36th Jud. Cir., Butler County Court). An amended information was filed on April 15, 2021. *Id.* On July 20, 2021, plaintiff pleaded guilty to the Class D Felony. He was sentenced to four (4) years imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Coger*, No. 12BT-CR01509-01 (36th Jud. Cir., Butler County Court).

Plaintiff was released from confinement on November 3, 2021. His two-year term of supervision began on that same date. (Field Violation Report, ECF No. 1-3 at 1).

### The Complaint and Supplemental Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names the following as defendants in this action: Poplar Bluff Police Department, Cynthia Merriott (Parole Officer),[3] and

---

[3] Plaintiff spells this Defendant's last name as "Merriot," but the attachments to his complaint

the Missouri Board of Probation and Parole. Plaintiff is silent as to the capacity under which he is suing the defendants.

Plaintiff's complaint is not on a Court-provided form. His complaint is handwritten and difficult to read. It appears that plaintiff was arrested on or about September 10, 2022, by officers of the Poplar Bluff Police Department. In his supplemental complaint and exhibits to his original complaint, he asserts that the officers of the Poplar Bluff Police Department were following up on a parole revocation warrant issued by his Missouri Parole Officer, Cynthia Merriott. He does not indicate why the warrant was issued.

Plaintiff asserts that at the time he was arrested on September 10, 2022, unnamed officers planted drugs on him and "failed to follow protocol and procedures" for the arrest, although plaintiff does not state which procedures the unnamed officers failed to follow. He states only that he was not charged for the "arrest." The Court has searched Missouri.Case.Net and there is no indication at this time that plaintiff was formally charged for the September 10, 2022, arrest in Poplar Bluff, Missouri.

Plaintiff alleges that he was confined for six (6) days at the Butler County Jail on a "parole hold" from September 10, 2022, until September 16, 2022. He asserts that his parole officer, Cynthia Merriott, visited him on September 15, 2022, at the Butler County Jail and "made him aware" that the Poplar Bluff Police Department Officers had found illegal drugs on him on September 10, 2022. Plaintiff claims that at the time of the arrest, the unnamed Poplar Bluff Police Officers engaged in an illegal search and seizure of his person and caused him emotional distress and mental anguish.

Plaintiff has attached to his complaint a copy of his Missouri Board of Probation and Parole Field Violation Report, completed by Parole Officer Cynthia Merriott. (ECF No. 1-3). The report

---

indicate the correct spelling of the Defendant's name is "Merriott." The Court will use that spelling.

reflects an interview date with plaintiff as of September 14, 2022, at the Butler County Jail. The report recommends that plaintiff's parole be revoked because: (1) plaintiff was arrested on September 10, 2022, for a parole violation warrant and (2) plaintiff was arrested on September 10, 2022, for possession of a controlled substance for having a baggie with a white crystal substance in his shorts pocket.

In an amended complaint filed by plaintiff on December 14, 2022, plaintiff claims that Merriott added the drug violation because she:

> knew there was a high probability that the plaintiff would not be revoked on a technical violation and therefore to raise the level of probable cause she intentionally and knowingly with a total disregard for the truth made a false report under oath to attempt to raise the level of probable cause with a total disregard for the truth when she made the false statement that plaintiff had been charged with a drug offense with the sole purpose of misleading the Missouri Board of Probations [sic] and Paroles [sic]; and thereby causing the plaintiff to be transported to the correctional center (prison).

(ECF No. 6 at 3).

Plaintiff also alleges in his supplemental complaint that Merriott's actions were motivated by "racial discrimination." (Id.) He asserts that defendant Merriott "has a disproportionate number of African-Americans that she has recommended be revoked as opposed to whites." (Id.) Plaintiff does not offer any additional factual information in his complaint or supplement other than this conclusory statement. Plaintiff's filings do not state what his race is.[4]

---

[4] There is no doubt that prisoners are protected against invidious racial discrimination by the Equal Protection Clause. See Lee v. Washington, 390 U.S. 333 (1968). However, unequal treatment of "those who are entitled to be treated alike[] is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." Batra v. Bd. of Regents of Univ. of Neb., 79 F.3d 717, 721 (8th Cir. 1996) (quoting Snowden v. Hughes, 321 U.S. 1, 8 (1944)). "The good faith of [state] officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party." Sunday Lake Iron Co. v. Wakefield Tp., 247 U.S. 350, 353 (1918) (citations omitted). A plaintiff's allegations must show purposeful discrimination – it is not enough for a plaintiff to characterize an official's decision as "unequal." Snowden, 321 U.S. at 10. Here, plaintiff's only factual allegations in support of his racial discrimination claim is that more African-American parolees are revoked as compared to white parolees. However, this is not enough to state an Equal Protection claim of intentional and purposeful discrimination. A lack of diversity among revoked parolees does not mean that Merriott treated parolees differently based on their race. Plaintiff does not provide any examples of disparate treatment with

It is unclear which parole violation Merriott had plaintiff arrested for. Merriott notes in her Field Violation Report that plaintiff was arrested on July 31, 2022, for resisting arrest when officers were dispatched for a possible assault. Merriott also notes in the Field Violation Report that plaintiff failed to obtain employment since being released from the Missouri Department of Corrections on November 3, 2021, and failed to report to Poplar Bluff Community Supervision Center on several occasions. Last, Merriott noted that plaintiff had been evicted from his residence and he needed to find a stable place to live. (Field Violation Report, ECF No. 1-3 at 3).

A preliminary hearing relative to plaintiff's parole revocation was held at ERDCC on October 7, 2022. Plaintiff was represented by a public defender at the hearing in front of Hearing Officer Travis Thorne. After reviewing the evidence presented, Hearing Officer Thorne found that because plaintiff *had not been formally charged* by the Poplar Bluff Police for the purported drugs found on September 10, 2022, there was no probable cause for a parole violation of having been arrested for drugs or of not having obeyed all Missouri laws. However, plaintiff had violated his conditions of residency and reporting directives, in that he had failed to complete the Community Supervision Program in Poplar Bluff, and failed to maintain a stable residence and make his probation officer aware of his residence. Thus, as of October 7, 2022, the Hearing Officer indicated plaintiff should be kept at ERDCC for his violations of those two directives. (Field Violation Report, ECF No. 1-4 at 4-5).

For relief in this action, plaintiff seeks monetary damages. He claims that while he was incarcerated, his apartment was broken into, and he and his wife lost personal belongings. He also alleges that while he was incarcerated, his wife was evicted from their apartment.[5] Plaintiff also

---

respect to parolees and how they were revoked with respect to their conditions. Plaintiff's allegations of racial discrimination are conclusory and lacking in factual support. As currently stated, the complaint and supplemental pleading fails to state an Equal Protection claim of racial discrimination.

[5]The Court has reviewed Missouri.Case.Net and found that eviction proceedings were started

sought immediate release from confinement in his complaint. However, as stated above, plaintiff asserts he was released from confinement on December 6, 2022.

### Discussion

As currently pleaded, plaintiff's complaint is subject to dismissal for the following reasons.

First, plaintiff's claims against the Missouri Board of Probation and Parole are barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment's immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

---

against plaintiff and his girlfriend, Natasha Sedrick, on July 25, 2022, for unpaid rent. *See KW Properties, LLC v. Mark Coger*, No. 22BT-CV-1542-01 (36th Jud. Cir., Butler County Court). A default judgment was entered against plaintiff on August 24, 2022, and a notice to plaintiff to vacate the premises was executed and hand delivered to plaintiff on September 14, 2022, at the Butler County Jail. *Id*. Plaintiff filed a motion to set aside the judgment on August 31, 2022, prior to having his probation revoked. In his motion to set aside the judgment, he argued that the rental agreement was between his girlfriend and the rental company, not between he and KW Properties, LLC. Although plaintiff missed the hearing date for his original motion to set aside the judgment due to his incarceration, he filed a new motion to set aside the judgment on October 7, 2022. The motion is currently pending before Judge John Shock.

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

In this case, as previously noted, plaintiff has named the Missouri Board of Probation and Parole as a defendant in this action. The Board is an agency of the State of Missouri, meaning that it is protected from suit by the Eleventh Amendment's grant of sovereign immunity. This immunity bars suit for any type of relief, be it monetary or injunctive. Furthermore, no exceptions to sovereign immunity are applicable.

8

Next, the Court notes that plaintiff has not made any specific allegations of wrongdoing by defendant parole officer, Cynthia Merriott, *in the body of his complaint*. Rather, the only allegations in the body of his complaint against Cynthia Merriott are that Merriott "made him aware" that the Poplar Bluff Police Department had found illegal drugs on him on the 10th day of September.

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for [her] name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Even if plaintiff had included specific allegations against defendant Merriott, a defendant employed by the State of Missouri, plaintiff's § 1983 damage claims against her, acting in her official capacity, would be barred, either by the Eleventh Amendment or because, in such capacity, she is not a "person" capable of being sued. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").

The Court is aware that in the *supplement to the complaint* plaintiff asserts that defendant Merriott attempted "to raise the level of probable cause" on his revocation by including the drug charge on the revocation report. However, in *Heck v. Humphrey*, the United States Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).

Judgment in favor of plaintiff on his assertions against Merriott as contained in the supplement would "necessarily imply the invalidity" of his revocation. Without plaintiff showing that his revocation has been "reversed, expunged, validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture." *Dolney v. Lahammer*, 70 F.Supp.2d 1038, 1040 (D.S.D. 1999); *Heck*, 512 U.S. at 486-87; *see also White v. Gittens*, 121 F.3d 803 (1st Cir. 1997) (barring § 1983 claim for damages and declaratory relief regarding state decision to revoke parole); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (prohibiting § 1983 damage action challenging state parole ineligibility decision); *Crow v. Penry*, 102 F.3d 1086 (10th Cir. 1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the invalidity of his parole revocation" and therefore is cognizable only in habeas corpus); *Burkett v. Love*, 89 F.3d 135 (3d Cir. 1996) (ordering dismissal based on failure to exhaust state remedies of prisoner's claim that parole was denied in retaliation for prior successful habeas petition); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995) ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement" and therefore must be brought as a petition for writ of habeas corpus); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995) (dismissing prisoner's challenge to denial of state parole).

Next, plaintiff's claims against the Poplar Bluff Police Department are subject to dismissal, as the Poplar Bluff Police Department is a department or subdivision of local government and not a juridical entity suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable

to suit"); and *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Finally, plaintiff's supplement names Corporal Nance of the Poplar Bluff Police Department as a defendant, but the supplement contains no factual allegations about any acts or conduct by Corporal Nance. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter*, 497 F.2d at 1207.

Despite these defects, the Court will allow plaintiff an opportunity to amend his complaint to fully set forth his claims for relief.

### Instructions for Amending the Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint **and all supplements**, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A). **Plaintiff is advised that the Court will not accept any additional supplements or correspondence that contain separate claims. All such supplements or correspondence will be stricken from the record by this Court and will not be considered.**

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his claims in a simple, concise, and direct manner, and must include the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); and 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R.

Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel in this action. [ECF No. 3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance

of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. This case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court, particularly as he is no longer confined. The Court will therefore deny the motion without prejudice and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

### Motion for Emergency Injunction/Restraining Order

Plaintiff also filed a motion that seeks a mandatory injunction to "immediately release" him from confinement. As plaintiff has already been released from confinement, his request for injunctive relief is moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED at this time** as plaintiff has been released from confinement.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of a form "Application to Proceed in District Court without Paying Fees or Costs" for civil litigants (non-prisoners).

**IT IS FURTHER ORDERED** that, by **January 6, 2023**, plaintiff shall file a completed form "Application to Proceed in District Court without Paying Fees or Costs" for civil litigants (non-prisoners).

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, by **January 6, 2023**, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** plaintiff's request for appointment of counsel (ECF No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion for emergency injunction and restraining order (ECF No. 4) is **DENIED as moot**, as plaintiff has been released from confinement.

**IT IS FURTHER ORDERED** that after submission of the amended complaint, the Court will review the pleading pursuant to 28 U.S.C. § 1915 for frivolousness or maliciousness, and for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely and fully comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>16th</u> day of December, 2022